**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 01 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

TYRANEE WILLIAMS,           )
                            )   Case No.:
            Plaintiff,      )   2:13CV0056 - JLH
                            )   COMPLAINT AND DEMAND FOR
            v.              )   JURY TRIAL
                            )
EOS CCA,                    )   (Unlawful Debt Collection Practices)
                            )
            Defendant       )

This case assigned to District Judge Holmes
and to Magistrate Judge Kay

TYRANEE WILLIAMS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

PLAINTIFF'S COMPLAINT

3.     Defendant conducts business in the State of Arkansas, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     Plaintiff is a natural person residing in Marianna, Arkansas 72360.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C.  §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a national debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts 02061.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.     At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

2

PLAINTIFF'S COMPLAINT

12.    The alleged debt at issue, an AT&T telephone account, arose out of transactions which were primarily for personal, family, or household purposes.

13.    Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family or household purposes.

14.    Beginning in March 2013, Defendant repeatedly and continuously contacted Plaintiff on her home telephone seeking and demanding payment of a consumer debt.

15.    Defendant contacted Plaintiff, on average, one (1) to three (3) times a day.

16.    Plaintiff knew it was Defendant calling, as she would answer the phone and they would identify themselves as "EOS CCA."

17.    Not wanting to receive the repeated and continuous collection calls, Plaintiff instructed Defendant to stop calling her.

18.    However, Defendant failed to update its records and/or remove Plaintiff's phone number from its call logs to stop the calls to her.

19.    Rather, Defendant persisted in calling Plaintiff on her home telephone in its attempts to collect a debt.

20.    In addition, Defendant would leave voicemail messages on Plaintiff's

PLAINTIFF'S COMPLAINT

home answering machine about the alleged debt in those instances when Plaintiff did not answer its calls.

21.     Additionally, in her communications with Defendant, Defendant claimed that the amount of the alleged debt was $3,000.00.

22.     Plaintiff advised Defendant that she disputed the debt, explaining that on her last bill, in June 2012, it showed a balance of $625.69.

23.     Defendant deceptively claimed that the additional fees were for collection costs.

24.     Upon information and belief, collection costs were not in excess of $2,300.00.

25.     Plaintiff requested that Defendant send her information in the mail regarding the amount of the alleged debt.   To date, Plaintiff has not received anything from Defendant about the amount of the alleged debt.

26.     Defendant's collectors refused to investigate Plaintiff's information and/or to cease its repetitive collection calls to provide Plaintiff with information regarding the alleged debt.

27.     Instead, knowing that Plaintiff disputed owing the alleged debt and they had not send her written verification of the debt, Defendant persisted in collecting the disputed debt from Plaintiff.

28.     Knowing that Plaintiff did not wish to be called further, the only

PLAINTIFF'S COMPLAINT

purpose for disregarding these wishes would be to harass.

29.    In other communications with Plaintiff, Defendant threatened to get a judgment and garnish her wages.

30.    Defendant does not have employees licensed to practice law in the State of Arkansas.

31.    Defendant has not filed suit against Plaintiff for the alleged debt or sought to garnish Plaintiff's wages.

32.    Upon information and belief, Defendant did not intend to file a lawsuit against Plaintiff for the alleged debt or garnish her wages.

33.    Upon information and belief, Defendant at no time had authority to file a lawsuit against Plaintiff for the alleged debt or garnish her wages.

34.    As a result of the above, Defendant's threat to file suit and garnish wages was false, deceptive and misleading.

35.    Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send written notification to Plaintiff advising her of her rights to dispute the debt and/or request verification of the debt, as well as to obtain the name and address of the original creditor.

36.    To date, Plaintiff has not received any written correspondence from Defendant regarding her rights under the FDCPA.

PLAINTIFF'S COMPLAINT

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

37.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

> a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient, and shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m.

> b. Here, Defendant violated §1692c(a)(1) of the FDCPA when it continued to call Plaintiff after she specifically instructed Defendant stop calling her as it was inconvenient for her to receive collection calls for a debt that she disputed.

**COUNT II**

38.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

> a.    Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

6

collection of a debt.

b.　Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.　Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a day and on numerous days a week about debt Plaintiff disputed owing.

## COUNT III

39.　Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(4), and 1692e(5) of the FDCPA.

a.　A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b.　A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c.　A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure,

7

garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

d.    A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

e.    Here, Defendant violated §§1692e, 1692e(2)(A), 1692e(4) and 1692e(5) of the FDCPA by telling Plaintiff that they were going to get a judgment against her and threatening to garnish her wages even though Defendant did not intend and legally take such action at the time that it made those threats as well as falsely representing the amount of the debt.

## COUNT III

40.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1) of the FDCPA.

a.    Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

b.    Section 1692f(1) prohibits a debt collectors from collecting any amount unless such amount is expressly authorized by the

8

PLAINTIFF'S COMPLAINT

agreement creating the debt or permitted by law.

c.    Here, Defendant violated §§1692f and 1692f(1) of the FDPCA by collecting an amount greater than what was provided for by the agreement and failing to investigate Plaintiff's dispute of the alleged debt.

## COUNT IV

41.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a) of the FDCPA.

a.    A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

9

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.  Here, Defendant violated §1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, TYRANEE WILLIAMS, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

PLAINTIFF'S COMPLAINT

d.  Any other relief deemed appropriate by this Honorable Court.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TYRANEE WILLIAMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04|30|13

KIMMEL & SILVERMAN, P.C.

By: _____

Tara L. Patterson
PA Attorney ID #88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 103
Fax: (877) 788-2864
Email: tpatterson@creditlaw.com

PLAINTIFF'S COMPLAINT